Alana FLORES; F.F., a minor, by and through Guardian ad Litem; J.D., a minor, by and through Guardian ad Litem,; C.L., by and through Guardian ad Litem,; M.L., a minor, by and through Guardian ad Litem; V.P., a minor, by and through Guardian ad Litem; P.P., Plaintiffs–Appellees,

v.

MORGAN HILL UNIFIED SCHOOL DISTRICT; Carolyn McKennan, Superintendent; Bob Davis, Principal; Delia Schizzano, Asst Superintendent; Maxine Bartschi, Asst Principal; Rick Gaston; Larry Carr, President; Susan M. Choi; Del Foster; Rick

Herder; John Kennett; Tom Kinoshita; Jan Masuda; Don Schaefer; Frank Nucci; Megan Avevedo; Cheryl Washington, Defendants–Appellants.

No. 00–15506.

D.C. No. CV–98–20358–JW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted, Oct. 5, 2000.

Decided Sept. 10, 2001.

Before SNEED, SCHROEDER, and PAEZ, Circuit Judges.

### MEMORANDUM *

Plaintiffs are former students in the Morgan Hill Unified School District who have sued the school district, administrators, and school board members under 42 U.S.C. § 1983. Plaintiffs allege that during their time as students in the public schools within the District, they suffered anti-gay harassment at the hands of their classmates. The alleged harassment of the various plaintiffs took place between 1991 and 1998. All of the plaintiffs were lesbian, gay, or bisexual or were perceived to be lesbian, gay, or bisexual.

Plaintiffs recount incidents in which the named defendants and their agents, subordinates, and employees are alleged to have responded to the plaintiffs' complaints in a discriminatory fashion. Flores and the

other plaintiffs describe anti-gay remarks and name-calling that they allege that teachers and administrators failed to stop and physical abuse to which they allege administrators responded with inadequate disciplinary action.

Plaintiffs claim that the defendants' response or lack of response to complaints of student-to-student anti-homosexual harassment denied plaintiffs equal protection. They brought suit under 42 U.S.C. § 1983, Title IX of the Education Amendments of 1972 (20 U.S.C. §§ 1681–88), the California Constitution, and California statutes. This interlocutory appeal relates only to the plaintiffs' § 1983 claim that the defendants denied the plaintiffs' Fourteenth Amendment right to equal protection on the basis of the plaintiffs' sexual orientation.

Defendants first moved for summary judgment on the merits of the equal protection claim. The district court granted summary judgment for defendant school board members Carr, Choi, Foster, Herder, Kennett, Kinoshita, McKennan, and Masuda on the ground that there was insufficient evidence to create a genuine issue of fact regarding sexual orientation discrimination. The district court explicitly denied summary judgment for defendant administrators Bartschi, Davis, Gaston, and Schizzano on the issue of evidentiary sufficiency. Although the district court's order did not name defendant administrators Schaefer and Nucci, we assume that summary judgment on the ground of evidentiary sufficiency was denied for them as well. This is because they and the remaining defendants then filed a supplemental motion for summary judgment on the ground of qualified immunity. The district court denied that motion, and defendants now appeal.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Defendants contend that they are entitled to immunity from suit because, at the time of the alleged harassment, the law was not clearly established that the students were entitled under the Equal Protection Clause of the Fourteenth Amendment to protection from peer sexual orientation harassment. The defendants further contend that even if the law were clearly established, the administrators' actions were objectively reasonable. Defendants argue that the reasonableness of their actions is supported by the absence of evidence of discriminatory intent.

Plaintiffs contend that we lack jurisdiction to review the district court's determination that there is a disputed issue of material fact as to the reasonableness of the conduct. The Supreme Court's recent decision in *Saucier v. Katz*, 531 U.S. 991, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), may affect the immunity analysis. *Saucier* holds that when considering an immunity defense, the district court and court of appeals must first determine that the submissions of the parties, when viewed in the light most favorable to the plaintiff, show that the defendant violated a constitutional right. *Saucier*, 121 S.Ct. at 2155–56, 2159. In this case, *Saucier* requires the district court to first determine whether the facts urged by plaintiffs, viewed in the light most favorable to them, show intentional discrimination on account of their actual or perceived sexual orientation. *See High Tech Gays v. Def. Indus. Sec. Clearance Office*, 895 F.2d 563, 573–74 (9th Cir.1990).

The district court did not engage in such an analysis, which appears to require a review of the evidence contained in the parties' submissions. *See Saucier*, 121 S.Ct. at 2156. We therefore conclude that this case must be remanded for reconsideration in light of *Saucier*. This panel will retain jurisdiction over any subsequent appeals.

VACATED AND REMANDED.